**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____
                                        :
LOUIS B. PAMMER,                        :
                                        :          CIVIL ACTION
                    Plaintiff           :
                                        :
        v.                              :          NO. 09-0008
                                        :
                                        :
MICHAEL J. ASTRUE,                      :
COMMISSIONER OF SOCIAL SECURITY,        :
                                        :
                    Defendant           :
_____ :

## ORDER

        AND NOW, this        day of          , 2010, upon

consideration of Plaintiff's Brief and Statement of Issues in

Support of Request for Review filed March 27, 2009; upon

consideration of Defendant's Response to Request for Review of

Plaintiff filed April 9, 2009; and after review of the Report and

Recommendation of United States Magistrate Judge Henry S. Perkin

dated January 14, 2010, IT IS ORDERED that:

        1.   The Report and Recommendation is APPROVED and

ADOPTED;

        2.   The relief sought by Plaintiff is GRANTED in part

as described below;

        3.   The case is REMANDED to the Commissioner pursuant

to the fourth sentence of 42 U.S.C. § 405(g) and in accordance

with the Report and Recommendation;

4.	In all other respects, Plaintiff's request for relief is DENIED; and

5.	The Clerk of Court shall CLOSE this matter statistically.


BY THE COURT:


_____
ANITA B. BRODY, J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____
                                        :
LOUIS B. PAMMER,                        :
                                        :        CIVIL ACTION
                    Plaintiff           :
                                        :
      v.                                :        NO. 09-0008
                                        :
                                        :
MICHAEL J. ASTRUE,                      :
COMMISSIONER OF SOCIAL SECURITY,        :
                                        :
                    Defendant           :
_____:

HENRY S. PERKIN
UNITED STATES MAGISTRATE JUDGE


## REPORT AND RECOMMENDATION

        Plaintiff, Louis B. Pammer ("Plaintiff"), brings this

action under 42 U.S.C. section 1383(c)(3), which incorporates 42

U.S.C. section 405(g) by reference, to review the final decision

of the Commissioner of Social Security ("Defendant"), denying his

claim for disability insurance benefits ("DIB") provided under

Title II of the Social Security Act ("the Act").  42 U.S.C. §§

401-433.  Subject matter jurisdiction is based upon section

205(g) of the Act.  42 U.S.C. § 405(g).  Presently before this

Court is Plaintiff's brief in support of his request for review

and Defendant's response thereto.  For the reasons that follow,

it is recommended that the relief sought by Plaintiff be granted

in part, and the matter be remanded for further proceedings.

I.  **PROCEDURAL AND FACTUAL HISTORY**

Plaintiff filed an application for DIB on September 6, 2005, alleging disability since August 31, 2005, as a result of diabetes with neuropathy in the feet and hands, cataracts, vitreous floaters, hypertension, gastroesophageal reflux disease ("GERD"), tinnitus, gait abnormality, and restless legs.  (Record at 20, 27, 28, 32-33, 36-38, 39-42, 49, 64, 93, 104-105, 122, 143, 237.)  The state agency denied Plaintiff's initial claim for benefits on December 23, 2005, and Plaintiff filed a timely request for a hearing before an Administrative Law Judge ("ALJ"). (Record at 49, 50-57, 63, 64-68.)

A hearing was held before ALJ Alan J. Sacks on September 25, 2007, at which Plaintiff, who was represented by counsel, appeared and testified.  (Record at 18, 22, 25-42, 62.) An impartial vocational expert ("VE"), Steve Gumerman, also appeared and testified at the administrative hearing.  (Record at 18, 42-46.)

Having considered evidence of Plaintiff's impairments, on October 20, 2007, the ALJ issued an unfavorable decision (Record at 11-16) in which he concluded that Plaintiff had failed to establish a severe medically-determinable impairment.  (Record at 11, 15, Finding No. 2.)  Thus, the ALJ concluded that Plaintiff was not disabled.  (Record at 15, Finding No. 4.)

Plaintiff timely requested review of the ALJ's decision. (Record at 370-371.) The Appeals Council denied Plaintiff's request for review on November 26, 2008. (Record at 4-6, 7, 372-373.) Thus, the ALJ's decision became the final decision of the agency. Plaintiff initiated this civil action on January 2, 2009, seeking judicial review of the Commissioner's decision that he had failed to establish a severe medically-determinable impairment, and thus was not entitled to DIB. The matter was referred to this Magistrate Judge for preparation of a report and recommendation on July 17, 2009.

## II.  **FACTS**

Plaintiff, born on July 8, 1942, was sixty-five years old at the time of the ALJ's decision. (Record at 25, 49, 69, 93, 122.) Plaintiff has a bachelor of science degree in electrical engineering and past relevant work experience as an electrical engineer and a patent annotator. (Record at 25, 26-27, 69-75, 83-84, 85-87, 92, 96-103, 105-106, 110.) He resides with his wife and son. (Record at 76.) Plaintiff alleges disability since August 31, 2005, as a result of diabetes with neuropathy in the feet and hands, cataracts, vitreous floaters, hypertension, GERD, tinnitus, gait abnormality, and restless legs. (Record at 20, 27, 28, 32-33, 36-38, 39-42, 64, 93, 104-105, 122, 143, 237.)

In addition to reviewing the transcript of the administrative hearing, this Court has independently and thoroughly examined the medical records and all disability reports. We will not further burden the record with a detailed recitation of the facts. Rather, we incorporate the relevant facts in our discussion below.

III.   **LEGAL STANDARD**

The role of this Court on judicial review is to determine whether there is substantial evidence in the administrative record to support the Commissioner's final decision. Any findings of fact made by the Commissioner must be accepted as conclusive, provided that they are supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence" is deemed to be such relevant evidence as a reasonable mind might accept as adequate to support a decision. Richardson v. Perales, 402 U.S. 389, 407 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). See also, Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied, 113 S.Ct. 1294 (1993). When determining whether the ALJ's decision is supported by substantial evidence, the court may look to any evidence in the record, regardless of whether the ALJ cites to it in his decision. Hook v. Bowen, 677 F. Supp. 305, 306 (M.D. Pa. 1988); Eposito v. Apfel, 66 Soc.Sec.Rep.Ser. 217, 2000 WL 218119, at *6 (E.D. Pa. Feb. 24, 2000). Thus, the issue before this

Court is whether the Commissioner's final decision of "not disabled" should be sustained as being supported by substantial evidence. Moreover, apart from the substantial evidence inquiry, a reviewing court must also ensure that the ALJ applied the proper legal standards in evaluating a claim of disability. Coria v. Heckler, 750 F.2d 245 (3d Cir. 1984).

To prove disability, a claimant must demonstrate that there is some "medically determinable basis for an impairment that prevents [him] from engaging in any 'substantial gainful activity' for a statutory twelve-month period." 42 U.S.C. § 423(d)(1). Each case is evaluated by the Commissioner according to a five-step process:

> The sequence is essentially as follows: (1) if the claimant is currently engaged in substantial gainful employment, she will be found not disabled; (2) if the claimant does not suffer from a "severe impairment," she will be found not disabled; (3) if a severe impairment meets or equals a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1 and has lasted or is expected to last continually for at least twelve months, then the claimant will be found disabled; (4) if the severe impairment does not meet prong (3), the Commissioner considers the claimant's residual functional capacity ("RFC") to determine whether she can perform work she has done in the past despite the severe impairment - if she can, she will be found not disabled; and (5) if the claimant cannot perform her past work, the Commissioner will consider the claimant's RFC, age, education, and past work experience to determine whether she can perform other work which exists in the national economy. See id. § 404.1520(b)-(f).

<u>Schaudeck v. Comm'r of Social Sec. Admin.</u>, 181 F.3d 429, 431-32
(3d Cir. 1999).

## IV.    **ALJ DECISION AND PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff's alleged disability involves an inability to
work because of diabetes with neuropathy in the feet and hands,
cataracts, vitreous floaters, hypertension, GERD, tinnitus, gait
abnormality, and restless legs.  (Record at 27, 28, 32-33, 36-38,
39-42, 64, 104-105, 122, 143, 237.)  The ALJ, however, proceeded
through the sequential evaluation process and found that
Plaintiff did not have any impairment or combination of
impairments that has significantly limited his ability to perform
basic work activities.  (Record at 11-15, Finding No. 2.)  Thus,
the ALJ concluded that Plaintiff has not been under a disability
as defined in the Act at any relevant time.[1]  (Record at 15,
Finding No. 4.)

In his Motion for Summary Judgment, Plaintiff contends
that substantial evidence does not support the ALJ's finding of
no severe impairments.  More specifically, Plaintiff contends,
*inter alia*, that the floaters in his field of vision and
peripheral diabetic neuropathy constitute severe impairments and,

---

[1]    The ALJ proceeded through the first two steps, finding that: (1)
Plaintiff has not performed substantial gainful activity since his alleged
onset date and (2) Plaintiff has had no severe medically-determinable
impairment since his alleged onset date.  (Record at 11-15, Finding Nos. 1-2.)
Based on the foregoing, the ALJ concluded that Plaintiff has not been under a
disability, as defined in the Social Security Act, at any time since the
alleged onset date.  (Record at 15, Finding No. 4.)

as a result, the ALJ erred by ending his evaluation at step two of the sequential determination process. The sole issue before this Court, however, is whether the Commissioner's final decision of "not disabled" should be sustained as being supported by substantial evidence.

This Court has reviewed the various sources of medical evidence, the submissions of counsel, the testimony at the ALJ hearing, and the ALJ's decision. Based on this Court's independent and thorough review of the record and for the reasons that follow, we find that the ALJ's decision is not supported by substantial evidence of record. We will, therefore, recommend that the matter be remanded for further proceedings.

## V.   **DISCUSSION**

In the present case, the ALJ determined at step two of the sequential evaluation process that Plaintiff did not have a severe impairment and, thus, was not entitled to DIB benefits. (Record at 11-15.) Plaintiff argues that the ALJ erred by failing to give serious consideration to Plaintiff's symptoms, and failed to recognize that when such symptoms are the result of a medically determinable impairment, they can result in the finding of a severe impairment. (Pl. Br. at 6-9.)

Administrative law judges are responsible for reviewing the evidence and making findings of fact and conclusions of law. These findings of fact and conclusions of law have been

incorporated into the five step sequential evaluation process discussed *infra*. At step two of the sequential evaluation process, the ALJ determines whether the claimant has a medically severe impairment or combination of impairments. See <u>Bowen v. Yuckert</u>, 482 U.S. 137, 140-141, 107 S.Ct. 2287, 2291 (1987); Social Security Ruling ("SSR") 86-8; SSR 85-28. An impairment is severe if it significantly limits the individual's ability to do basic work activities. See 20 C.F.R. §§ 416.920(c), 416.921(a). Basic work activities are abilities and aptitudes necessary to do most jobs, including, for example, walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling." <u>Smolen v. Chater</u>, 80 F.3d 1273, 1290 (9th Cir. 1996). See 20 C.F.R. § 416.921(b).

> An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality or a combination of slight abnormalities which have 'no more than a minimal effect on an individual's ability to work.' SSR 85-28. Only those claimants with slight abnormalities that do not significantly limit any basic work activity can be denied benefits at step two. See <u>Bowen v. Yuckert</u>, 482 U.S. at 158, 107 S.Ct. at 2300 (O'Connor, J., concurring). If the evidence presented by the claimant presents more than a 'slight abnormality,' the step-two requirement of 'severe' is met, and the sequential evaluation process should continue. See <u>Smolen v. Chater</u>, 80 F.3d at 1290. Reasonable doubts are to be resolved in favor of the claimant.

<u>Beasich v. Commissioner</u>, 66 Fed. Appx. 419; 2003 U.S. App. LEXIS

8

11378 (3d Cir. 2003).

A determination that an impairment is not severe requires a careful evaluation of the medical findings which describe the impairment and an informed judgment about their limiting effects on the individual's physical ability to perform basic work activities; thus, an assessment of function is inherent. <u>Kocovska v. Commissioner</u>, No. 07-5365, 2008 U.S. Dist. LEXIS 74300, at *14 (D.N.J. September 26, 2008). Great care should be exercised in applying the not severe impairment concept. <u>Id.</u> Step two inquiry is "screening device to dispose of groundless claims" and "[r]easonable doubts on severity are to be resolved in favor of the claimant." <u>Newell v Commissioner</u>, 347 F.3d 541 (3d Cir. 2003). The "burden placed on an applicant at step two is not an exacting one." <u>McCrea v. Commissioner</u>, 370 F.3d 357, 360 (3d Cir. 2004).[2]

With respect to Plaintiff's alleged vision impairment, the record demonstrates that on May 19, 2006, Plaintiff's treating ophthalmologist, Eugene M. Saravitz, M.D., noted vitreous floaters in both eyes upon examination. (Record at 198). Without discussing this opinion,[3] the ALJ concluded that

_____

[2] <u>Accord</u> <u>Newell</u>, 347 F.3d at 546-547 (3d Cir. 2003) ("If the evidence presented by the claimant presents more than a 'slight abnormality,' the step-two requirement of 'severe' is met, and the sequential evaluation process should continue."); SSR 85-28.

[3] We note that while the ALJ mentioned Plaintiff's eye examination in May of 2006, he did not specifically address Dr. Saravitz's conclusion that Plaintiff had vitreous floaters in both eyes. (Record at 13, 198.)

Plaintiff's vision impairment was not severe.   (Record at 13.)
We find this to be in error.[4]

In reaching a decision, the ALJ must consider all of
the relevant evidence in the record.  Wier v. Heckler, 734 F.2d
955, 963 (3d Cir. 1984); Cotter v. Harris, 642 F. 2d 700, 705 (3d
Cir. 1981); Dobrowolsky v. Califano, 606 F.2d 403, 407 (3d Cir.
1979); Gober v. Mathews, 574 F.2d 772, 776 (3d Cir. 1978).  Where
the ALJ has failed to adequately explain in the record his
reasons for rejecting or discrediting competent evidence,[5] "the
reviewing court cannot tell if significant probative evidence was
not credited or simply ignored."  Schwartz v. Halter, 134
F.Supp.2d 640, 648 (E.D. Pa. 2001)(citing Cotter, 642 F.Supp. at

---

[4]      Evidence submitted by a treating physician is to be given special
significance.  Morales v. Apfel, 225 F.3d 310 (3d Cir. 2000).  The Morales
court stated, "[a] cardinal principle guiding disability eligibility
determinations is that the ALJ accord treating physicians' reports great
weight, especially 'when their opinions reflect expert judgment based on
continuing observation of the patient's condition over a period of time.'"
Id. at 317  (quoting Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999)
(quoting Rocco v. Heckler, 826 F.2d 1348, 1350 (3d Cir. 1987))).  In addition,
"a treating physician's report not only may be given more weight, it must be
given controlling weight."  20 C.F.R. § 404.1527.

         An ALJ may afford a treating physician's opinion more or less
weight depending upon the extent to which supporting explanations are
provided.  Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999).  A treating
physician's opinion cannot be rejected unless the ALJ points to other medical
evidence of record.  Allen v. Bowen, 881 F.2d 37, 41-42 (3d Cir. 1989).
Further, the ALJ is obligated to provide an adequate explanation when
rejecting a treating physician's opinion.  Johnson v. Bowen, 699 F. Supp. 475,
482-483 (E.D. Pa. 1983).  In the present case, Plaintiff's treating
ophthalmologist, Dr. Saravitz, submitted competent evidence regarding
Plaintiff's complaint of eye floaters, which the ALJ failed to address.  Thus,
the ALJ provided an insufficient basis for a reviewing court to conduct
meaningful judicial review.

[5]      Competent evidence includes the opinion of a treating physician as
to the nature and severity of the claimant's impairments.  See 20 C.F.R. §
404.1527(a)(2).

10

705).

The Third Circuit has directed that "[w]here competent evidence supports a claimant's claims, the ALJ must explicitly weigh the evidence," Dobrowolsky, 606 F.2d at 407, see also Sykes v. Apfel, 228 F.3d 259, 266 (3d Cir. 2000), and explain a rejection of the evidence. See Schaudeck, 181 F.3d at 435 (citing Benton v. Bowen, 820 F.2d 85, 88 (3d Cir. 1987)).

> Unless the Secretary has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's 'duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.'

Id. That is, meaningful judicial review, of the ALJ's decision, is not possible where the ALJ has not sufficiently explained the weight given to all probative evidence. See 20 C.F.R. §§ 404.1527(e), (a)(2). Without the ability to meaningfully review the ALJ's conclusion as to Dr. Saravitz's notation of Plaintiff's vitreous floaters, we are compelled to recommend that the case be remanded so that the ALJ can provide the tools to engage in such review. Remanding the case for this reason does not reflect anything more than the court's need for such information in reviewing the ALJ's decision.[6]

---

[6]     "The court can hypothesize numerous sound reasons that might have informed the ALJ's conclusion on this issue, however our court of appeals does not permit such guesswork in the name of judicial review." Woodcock v. Barnhart, 2003 WL 1949638, at *6 (E.D.Pa. Apr. 24, 2003).

This Court also has the statutory authority to remand for further proceedings if new evidence is material and good cause is shown for the failure to present it on a timely basis. 42 U.S.C. § 405(g); See Mills v. Apfel, 244 F.3d 1, 5 (1st Cir. 2001). Here, we note that the June 12, 2008 opinion of Dr. Saravitz, which further supports Plaintiff's allegation of a vision impairment,[7] was not made until after the ALJ's decision on October 20, 2007. (Record at 11-16, 372.) Evidence is considered "new" when "the adjudicator who made the prior determination or decision did not consider it." See Hearing, Appeals, and Litigation Law Manual (HALLEX), Chapter I-2-940C. Clearly, the ALJ who made the prior determination in this case did not consider the evidence at issue. (Record at 11-16, 372.) This report is consequently deemed new evidence.

As noted *supra*, "when the claimant seeks to rely on evidence that was not before the ALJ, the district court may remand to the Commissioner but only if the evidence is new and material and if there was good cause why it was not previously

---

[7]    In his report dated June 12, 2008, Dr. Saravitz noted the following with respect to Plaintiff's vision:

> His visual acuity is 20/25 OU best corrected.  His intraocular pressures are 19mm. Hg. OU.  **Slit lamp examination shows multiple floaters OU.  Floaters can actually interfere with doing find [sic] detailed work.  The patient was working with dots, and this actually made it difficult for him to tell floaters versus fine dots on his detail work on his previous job**.  Thankfully, he has no retinopathy.

(Record at 372)(emphasis added).

presented to the ALJ." <u>Matthews v. Apfel</u>, 239 F.3d 589, 593 (3d

Cir. 2001). This Court "is not free to order a remand absent

such good cause." <u>Mills v. Apfel</u>, 244 F.3d 1, 6 (1st Cir. 2001).

In the present case, good cause justifies Plaintiff's failure to

present this report to the ALJ, because the report was made after

the ALJ issued his decision. (R. 11-16, 372.) Clearly,

Plaintiff could not have intentionally withheld this report,

because the report did not exist until after the ALJ's decision

was rendered. Thus, there is good cause why Plaintiff's new

evidence was not previously presented to the ALJ.

Having reviewed the evidence of record, including the

June 12, 2008 evidence, we further find that Plaintiff's new

evidence is material. To be considered "material," the evidence

must warrant a change in the finding in the determination or

decision. <u>See</u> <u>Hearing, Appeals, and Litigation Law Manual</u>

(HALLEX), Chapter I-2-940C. In this matter, we note that the ALJ

based his opinion on the fact that Plaintiff's eye examinations

were normal as well as a lack of a disability finding by any of

Plaintiff's treating physicians. More specifically, the ALJ

stated the following

> Concerning the claimant's vision, the record
> does not contain any abnormal eye examination
> results since the alleged onset date.
> Rather, he had 20/20 vision in each eye
> without other abmnormalities in October,
> 2005, December, 2005, and May, 2006 [Record
> at 141-142, 143-147, 156-217]. This evidence
> fails to establish any severe medically-

determinable vision impairment.

.    .    .

. . . no treating source has offered an
opinion since the alleged onset date that the
claimant is disabled or unable to work full-
time.

(Record at 13, 14-15.)

As detailed above, the June 12, 2008 evidence submitted
by Plaintiff includes an opinion by Dr. Saravitz that Plaintiff
experiences multiple floaters in each of his eyes and these
floaters interfere with doing fine detailed work.  (Record at
372).  Because this evidence would likely impact an area of the
ALJ's decision which Plaintiff now challenges, namely whether
Plaintiff's vision impairment is a severe impairment, the effect
of this additional medical evidence should be re-examined by the
Commissioner on remand.  Consequently, remand to the Commissioner
to consider this new and material evidence is necessary.

With respect to Plaintiff's allegation of a peripheral
diabetic neuropathy impairment, the administrative record shows
that as early as May 20, 2003, Plaintiff complained to his
treating family physician, Fabio L. Dorville, M.D., that he was
having numbness in his toes.  (Record at 165).  A June 2003 EMG
was mildly abnormal and showed "early diabetic polyneuropathy."
(Record at 298).  On June 15, 2005, Plaintiff complained that he
was "still having problems with his neuropathy."  (Record at
124).  On October 12, 2005, his treating family physician noted

peripheral neuropathy, secondary to diabetes. (Record at 158).

Again, on June 11, 2007, Plaintiff's records note "neuropathy"

in both the neurological assessment and impression sections.

(Record at 369).

In addition, we note that both prior to and after his

onset date Plaintiff was seen by Michelle McCarroll, DPM, FACFAS,

at Allentown Family Foot Care. (Record at 218-293). These

podiatry records indicate that Plaintiff made several complaints

of pain, burning and numbness in both of his feet secondary to

diabetic peripheral neuropathy in 2004 and attended anodyne

therapy[8] consistently from February 2004 through December 2005,

prior to purchasing his own therapy unit in order to continue

anodyne therapy at home. (Record at 36-38, 218-219, 221, 222,

223-224, 226-227, 229, 233, 235, 243-293.) The ALJ made no

mention of anodyne therapy in his decision. In addition, we note

that these records indicate that Dr. McCarroll explained to

Plaintiff that there was no "cure" for neuropathy. (Record at

222.)

Pursuant to the Third Circuit's holdings in <u>McCrea</u> and

<u>Newell</u> that the threshold showing that a condition is "severe" at

step two is minimal, meant to be a *de minimus* screening device to

---

[8]    Anodyne Therapy is an infrared light therapy device used to
increase circulation and reduce pain, stiffness and muscle spasm. Anodyne
Therapy is cleared by FDA for temporarily increasing circulation and reducing
pain, stiffness and muscle spasm. Anodyne® Therapy,
http://www.anodynetherapy.com/treatment.htm.

dispose of groundless claims, we conclude that substantial evidence does not support the ALJ's determination that Plaintiff's field of vision and peripheral diabetic neuropathy impairments were not severe.  See White v. Barnhart, No. 05-2856, 2006 WL 328365, at *6 (E.D. Pa. February 9, 2006)(Baylson, J.)(where a treating physician made clinical findings of carpal tunnel syndrome and prescribed a splint to wear, the claimant made the requisite de minimus showing).

Further, we find that Plaintiff's repeated subjective complaints regarding eye floaters and neuropathic pain to his treating physicians during this period alone was likely enough to establish a "slight abnormality ... which would have [had at least] a minimal effect on an individual's ability to work."  See White, 2006 WL 328365, at *6, citing McCrea, 370 F.3d at 360. Moreover, "any doubt as to whether this showing [should have been] made is resolved in favor of the applicant."  White, 2006 WL 328365, at *6, citing Newell, 347 F.3d at 546-547. Accordingly, we conclude that the ALJ's decision that Plaintiff's vision and peripheral diabetic neuropathy impairments were not "severe" was not supported by substantial evidence.

**VI.    CONCLUSION**

Based on the record before us, we cannot find substantial evidence in support of the ALJ's decision that Plaintiff's vision and peripheral diabetic neuropathy impairments

are not severe.  Accordingly, we conclude that the ALJ erred by failing to continue with the sequential evaluation process.

If the ALJ should determine that Plaintiff does not qualify for disability as a result of his impairment or combination of impairments, the ALJ must articulate the weight applied to the evidence and the reasons for rejecting Plaintiff's claim of disability.[9]  On remand, the ALJ should reconsider his credibility determination, and should also, if necessary, conduct a residual functional capacity determination and formulate a hypothetical to a VE.[10] Because Plaintiff has submitted new and material evidence relative to her back impairment, the matter should be remanded.

Further, Plaintiff should be afforded a reasonable opportunity to supplement the medical evidence to address the issues identified herein.  See Gachette v. Weinberger, 551 F.2d 39, 41 (3d Cir. 1977)(counsel "should be permitted to make an offer of proof regarding what a more fully developed record might have shown"); see also Stover v. Shalala, 1995 U.S. Dist. LEXIS

---

[9]     The Third Circuit requires the ALJ to set forth the reasons for his decision.  Burnett v. Commissioner of Social Sec. Admin., 220 F.3d 112, 119 (3d Cir. 2000)(citing Cotter, 642 F.2d at 704-05).

[10]     The Third Circuit has consistently held that because the VE provides opinion as to the claimant's residual functional capacity, the hypotheticals posed to a VE must accurately identify "all of a claimant's impairments that are supported by the record; otherwise the question is deficient and the expert's answer to it cannot be considered substantial evidence." Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987)(citing Podedworny v. Harris, 745 F.2d 210 (3d Cir. 1984) and Wallace v. Sec'y, 722 F.2d 1150, 1155 (3d Cir. 1983)(stating the expert must have evaluated claimant's particular impairments as contained in the record)).

7405, *22 (E.D. Pa. May 31, 1995)(on remand, claimant was to "be given an opportunity at th[e] rehearing to submit additional relevant evidence").  Finally, Plaintiff should remain cognizant that the ultimate burden of proving disability rests with him.

Therefore, I make the following:

## **RECOMMENDATION**

AND NOW, this 14th day of January, 2010, it is RESPECTFULLY RECOMMENDED that the relief sought by Plaintiff should be GRANTED in part, and the matter should be REMANDED to the Commissioner in accordance with the fourth sentence of 42 U.S.C. § 405(g).


BY THE COURT:


_/s/ Henry S. Perkin_
HENRY S. PERKIN,
United States Magistrate Judge